UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAYDEN DEBEVEC,<br><br>Defendant. | 4:23-CR-40033-ECS<br><br>ORDER |

On the record, but outside the presence of the jury, the court held a hearing to rule on certain matters detailed in the Government's Motion in Limine Part 11 (Docket 106). Most of the issues were dealt with orally during the hearing. But the court reserved judgment on one issue that is discussed below. The court also held a hearing on Defendant's supplemental briefing on his Motion in Limine Number 3. Docket 107. The court issues the following order.

The primary issue concerns statements made by Mr. Debevec during his interviews with law enforcement. Specifically, the court must determine whether Mr. Debevec's statements regarding his intent to have sex with the UC persona are admissible into evidence at Debevec's trial. Mr. Debevec asserts that these assertions—that he intended to have sex with a minor rather than

whether he intended to persuade a minor—are irrelevant under Federal Rules of Evidence 401 and 402.

Debevec primarily relies on *United States v. Patten*, 397 F.3d 1100 (8th Cir. 2005), *United States v. Larive*, 794 F.3d 1016 (8th Cir. 2015), and *United States v. Hart*, 635 F.3d 850 (6th Cir. 2011), to establish that, because he is not charged with attempted sexual activity with a minor, any reliance by the government on Debevec's admission of his intent to have sex with a minor during his interviews with law enforcement is irrelevant and thus inadmissible. Even if those statements are relevant, Mr. Debevec states that any reference to his intent to have sex with a minor is likely to confuse and mislead the jury and should be excluded under Federal Rule of Evidence 403. Mr. Debevec maintains that it may create the false implication that the jury must ultimately decide whether Debevec actually intended to have sex with a minor.

The government relies on *United States v. Young*, 613 F.3d 735 (8th Cir. 2010), in addition to *Patten*, for the proposition that Debevec's intent to have sex with a minor is inherently connected with the elements of the charge against him—that Debevec attempted to entice a minor using the internet. The court agrees with the government's position on this issue.

Accordingly, the court overrules Subpart A in Defendant's objections to the Government's Motion in Limine Part 11 (Docket 107 at 2-4). Mr. Debevec's statements are relevant and probative of the crimes charged. In the court's view, this evidence goes directly to the elements the government must prove in this case. Based upon the court's review of the entire record, the law cited by

the parties and the court's own research, the court finds that this evidence is both relevant and admissible.

Under Rule 403, the probative value of Mr. Debevec's statements of intent to have sex with a minor are not substantially outweighed by unfair prejudice or confusion of the issues. The statements are very probative with respect to intent and although prejudicial to Debevec, they are not unfairly prejudicial in the court's judgment.

Dated January 7, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE